This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF ALBUQUERQUE,**

Plaintiff-Appellee,

**v.**                                                                                    **No. 33,261**

**ONE 1989 CHRYSLER,**

Defendant,

**and**

**RALPH N. LESTER,**

Claimant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Jenica L. Jacobi, Interim City Attorney
David Tourek, Assistant City Attorney
Albuquerque, NM

for Appellee

Ralph N. Lester
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}      Claimant appeals the district court's judgment granting forfeiture of Claimant's vehicle. We issued a notice of proposed disposition proposing to affirm, and Claimant has filed a memorandum in opposition to the proposed affirmance.

{2}      We have reviewed the arguments made in the memorandum in opposition, but are not convinced by those arguments. In particular, we point out that as we stated in the notice, we are bound by Supreme Court precedent approving of the City's forfeiture process; this is true even though there may be factual differences between this case and the Supreme Court cases cited in the notice. We also point out that with respect to the issue concerning the City's late disclosure of evidence, Claimant's argument is misplaced. He states that it is obvious that the belatedly disclosed evidence prejudiced him; however, the question to be determined is not whether the evidence itself was prejudicial, but whether Claimant was somehow prejudiced by the late disclosure of that evidence. *See, e.g.*, *Tartaglia v. Hodges*, 2000-NMCA-080, ¶¶ 31-33, 129 N.M. 497, 10 P.3d 176. In other words, it was up to Claimant to show that he did not have a fair opportunity to respond to the evidence for some reason connected to the late disclosure. Claimant did not make such a showing and affirmance is therefore warranted on that issue. As to all the other issues, we rely on

the discussion contained in the notice of proposed disposition, and we affirm for the reasons stated in that notice.

{3}    **IT IS SO ORDERED.**


_____
                                        **JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**